**SO ORDERED.**

**SIGNED this 24 day of March, 2010.**



*Dale L. Somers*
Dale L. Somers
UNITED STATES BANKRUPTCY JUDGE

_____

Opinion Designated for Electronic Use, But Not for Print Publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In Re:** | |
| **BLACK ANGUS HOLDINGS, LLC,** | CASE NO. 09-21349-11 |
| DEBTOR. | CHAPTER 11 |
| **BLACK ANGUS HOLDINGS, LLC,** | |
| PLAINTIFF, | |
| v. | ADV. NO. 09-6122 |
| **BACK YARD BURGERS, INC.,** | |
| DEFENDANT. | |

**OPINION DENYING DEFENDANT'S MOTION TO DISMISS**

This proceeding is before the Court on the motion of defendant Back Yard Burgers, Inc., to dismiss the Debtor's complaint. Back Yard Burgers appears by counsel

Eugene J. Podesta, Jr., of Baker, Donelson, Bearman, Caldwell & Berkowitz, Memphis, Tennessee, and David C. Stover of Gunn, Shank & Stover, P.C., Kansas City, Missouri. The Debtor appears by counsel Neil S. Sader and Bradley D. McMormack of the Sader Law Firm, Kansas City, Missouri. The Court has reviewed the relevant materials and is now ready to rule.

**Facts**

Back Yard Burgers is a restaurant franchisor and the Debtor held a BYB franchise for a restaurant in Olathe, Kansas. The franchise agreement for that restaurant contained this Territory Provision:

> **Territory.** [BYB] agrees that, during the term of this Agreement, it will not sell or establish any other franchised or company-owned Restaurant or any other restaurant which sells hamburgers and/or chicken sandwiches in the following territory: <u>A site located at 124 North Clairborne, Olathe, Kansas 66062 with a one (1) mile exclusive radius</u> (the "Territory"), except in or in conjunction with any military installation, zoo, amusement park, or stadium/arena/coliseum. [The Debtor] expressly acknowledges and agrees that [BYB] shall retain the exclusive right to sell within the Territory in grocery stores, specialty shops, or other non-restaurant retail outlets both food and non-food products (now existing or hereafter developed) bearing one or more of the Marks. This Agreement applies only to the Territory.

The Debtor alleges the exclusive radius was later extended to two miles. In October 2004, BYB granted a franchise for a third party to establish a new Back Yard Burgers restaurant 2.17 miles from the Debtor's restaurant. Although the new restaurant was itself located outside the Debtor's two-mile radius, the Debtor claims the new restaurant was given a similar territory with a one-mile radius, which therefore overlapped the Debtor's exclusive radius. The Debtor alleges the new restaurant took away a substantial

2

portion of the business its Olathe restaurant had been doing, which eventually forced the Debtor to close its restaurant and file for bankruptcy.

In lieu of an answer, BYB has filed a motion to dismiss the Debtor's complaint.

**Discussion**

*1. Standard for motions to dismiss.*

Federal Rule of Civil Procedure 12 provides that defenses are generally to be asserted in a responsive pleading but that certain defenses may be made by motion, including the defense of "failure to state a claim upon which relief can be granted."[1]  In *Bell Atlantic Corporation v. Twombly*,[2] the Supreme Court described the standard that must be met in pleading a claim for relief this way:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley*[,] 355 U.S. [at] 47 (1957).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.*; [additional citation omitted], a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, [citation omitted].  Factual allegations must be enough to raise a right to relief above the speculative level, [citation and footnote omitted], on the assumption that all the allegations in the complaint are true (even if doubtful in fact), [citations omitted].[3]

In its motion to dismiss, BYB argues the Debtor's complaint includes factual admissions

---

[1] Fed. R. Civil P. 12(b)(6).  Fed. R. Bankr. P. 7012(b) makes Civil Rule 12(b) apply in adversary proceedings.

[2] 550 U.S. 544 (2007).

[3] 550 U.S. at 555-56.  Fed. R. Bankr. P. 7008(a) makes Civil Rule 8 apply in adversary proceedings.

3

that show the Debtor's claim must fail.

## 2. *BYB's motion to dismiss*[4]

BYB argues that the language of the Territory Provision in the franchise agreement is unambiguous and means that BYB could authorize another BYB restaurant to be established at any location more than two miles away from the Debtor's restaurant. Because the complaint alleges the competing restaurant was located 2.17 miles away, BYB contends the Debtor has admitted the Territory Provision was not violated. To state it another way, BYB's motion must be denied if the Territory Provision can plausibly be read, as the Debtor argues, to have barred the establishment of a BYB restaurant that had an "exclusive radius" that overlapped with the Debtor's, even if the restaurant was more than two miles from the Debtor's.

BYB's proposed reading of the Territory Provision is the most obvious one, construing it as if it simply said, "BYB won't establish any other BYB restaurant in the specified territory." But this narrow view of the Provision seems to give little weight to the adjective "exclusive" modifying the word "radius." The phrase "exclusive radius" suggests a broader reading might have been intended, one barring BYB from establishing another restaurant with a territory radius overlapping the Debtor's territory, thereby competing with the Debtor in the specified territory by selling hamburgers or chicken

---

[4]The franchise agreement included a provision calling for it to be interpreted according to the laws of the State of Tennessee, without regard to its conflict of law provisions, but BYB says the Tennessee law on interpreting a written contract is the same as Kansas law on that subject. The Court's decision has not been affected by this choice of law provision.

4

sandwiches to customers located within the Debtor's "exclusive radius," rather than merely barring any restaurant physically located in that territory. BYB's construction would have been satisfied by describing the Debtor's territory as "a site . . . with a one (1) mile radius," while the Debtor's proposed construction helps explain the addition of the word "exclusive" to that phrase.

**Conclusion**

The Court concludes there is sufficient ambiguity in the Territory Provision that the Debtor's complaint states a claim for relief which cannot be dismissed at this early stage of the proceeding. BYB's motion to dismiss must be and it is hereby denied.

# # #